1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11    THOMAS K. MILLS,                         Case No. 1:21-cv-01193-HBK

12                        Plaintiff,           FINDINGS AND RECOMMENDATIONS
                                               TO DENY PLAINTIFF'S REQUEST FOR
13              v.                             EMERGENCY PRELIMINARY INJUNCTION[1]

14    I.Z. JONES, *et al.*,                    (Doc. No. 11)

15                        Defendants.          FOURTEEN-DAY OBJECTION PERIOD

16                                             ORDER TO ASSIGN DISTRICT JUDGE TO
                                               THIS ACTION
17

18

19          Before the Court is Plaintiff's motion for preliminary injunction filed on September 30,

20    2021.  (Doc. No. 11).  Plaintiff seeks a preliminary injunction prohibiting correctional officials

21    from retailing against him both during and following this matter's pendency.  (*Id*. at 2, "Motion").

22    For the reasons stated below, the undersigned recommends Plaintiff's Motion be denied.

23                                  **I.  BACKGROUND**

24          Plaintiff Thomas K. Mills ("Plaintiff"), a state prisoner, initiated this action on August 6,

25    2021 by filing a *pro se*, 42 U.S.C. § 1983 complaint alleging excessive force while housed at

26    Kern Valley State Prison.  (Doc. No. 1).  Plaintiff is proceeding on his first amended complaint

27

28    _____
      [1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C.
      § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

1    filed September 27, 2021, in which he names two defendants: Z. Jones and J. Rivera, both

2    correctional officers at Kern Valley State Prison.  (Doc. No. 7, "FAC").  The FAC alleges

3    excessive use of force in violation of the Eight Amendment stemming from an undated incident

4    during which Plaintiff, while handcuffed, was pushed to the ground, punched in the face, and

5    slapped in the face several times by both defendants.  (*Id*. at 3).  As relief, Plaintiff seeks

6    compensatory and punitive damages.  (*Id*. at 6).

7         In his Motion *sub judice*, Plaintiff seeks a preliminary injunction to enjoin "the California

8    Department of Corrections" from retaliating against him "during the case, and after the case is

9    over."  (Doc. No. 11 at 2).  The Motion also describes Plaintiff's adverse reaction after

10   simultaneously being described the drugs Zoloft, Abilify and Fluoxetine, and his belief they

11   contributed to the underlying incident where Plaintiff alleges excessive force.  (Id. at 2-3).

12   Plaintiff makes no mention of these drugs in his FAC and the Motion does not request any relief

13   concerning these drugs.  (*Id*.; Doc. No. 7).

14                                **II.  APPLICABLE LAW**

15        Federal Rule of Civil Procedure 65 governs preliminary injunctions and limits their

16   issuance to where "notice to the adverse party" has been given.  Fed. R. Civ. P. 65(a).   Local

17   Rule 231(d) also mandates notice and requires that all preliminary injunction motions include (1)

18   briefing on all legal issues implicated by the motion, (2) affidavits supporting the motion,

19   including affidavits addressing irreparable harm, and (3) a proposed order which includes a

20   provision for a bond.

21        A preliminary injunction is "an extraordinary remedy" and may be issued only if  plaintiff

22   establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the

23   absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an

24   injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008).

25        Plaintiff bears the burden of clearly satisfying all four prongs.  *Alliance for the Wild*

26   *Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  A preliminary injunction will not issue

27   if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required.  *Id.* at

28   1131.

1       The injunctive relief an applicant requests must relate to the claims brought in the

2   complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir.

3   2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the

4   court does not have the authority to issue an injunction.").  Absent a nexus between the injury

5   claimed in the motion and the underlying complaint, the Court lacks the authority to grant

6   Plaintiff any relief.  *Id.* at 636.

7       The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner

8   litigants seeking preliminary injunctive relief against prison officials.  In such cases,

9   "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to

10  correct the harm the court finds requires preliminary relief, and be the least intrusive means

11  necessary to correct that harm."  18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*,

12  2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit has observed, the PLRA

13  places significant limits upon a court's power to grant preliminary injunctive relief to inmates,

14  and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the

15  bargaining power of prison administrators—no longer may courts grant or approve relief that

16  binds prison administrators to do more than the constitutional minimum."  *Gilmore v. People of*

17  *the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).  The court's jurisdiction is "limited

18  to the parties in this action" and the pendency of an action "does not give the Court jurisdiction

19  over prison officials in general or over the conditions of an inmate's confinement unrelated to the

20  claims before it."  *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).

21      Finally, state governments have "traditionally been granted the widest latitude in the

22  dispatch of [their] own internal affairs."  *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations

23  omitted).  This deference applies even more strongly when the court is asked to involve itself in

24  the administrative decisions of a prison.  *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v.*

25  *Conner*, 515 U.S. 472, 482-83 (1995).

26      **III.  DISCUSSION AND ANALYSIS**

27      The undersigned finds Plaintiff has failed to satisfy his burden to justify issuance by this

28  Court of a preliminary injunction.  As a threshold matter, Plaintiff has not complied with Local

1    Rule 231(d).  There is no showing of actual or attempted notice, and other than requesting the

2    relief, Plaintiff fails to provide any briefing on the implicated legal issues, provide any affidavits

3    attesting to imminent irreparable harm, or include a proposed order that includes a provision for

4    bond.

5          Further, the relief Plaintiff seeks in the Motion does not relate to the claims brought in the

6    FAC.  *See Pac. Radiation Oncology.*, 810 F.3d at 633.  Specifically, the claims set forth in the

7    FAC pertain the alleged excessive use of force by the two named Defendants.  Indeed, the Motion

8    makes no mention of the underlying FAC other than to imply his prescription drug dosage may

9    have contributed to his behavior that day.  Because the relief Plaintiff seeks in his Motion is

10   wholly unrelated to the claims and the relief sought in the FAC, the Court cannot grant him

11   injunctive relief.  *Id.*

12         Moreover, the other *Winter* factors weigh against Plaintiff.  Plaintiff has made no showing

13   he would suffer irreparable harm because he fails to detail what retaliation he fears will occur.

14   Plaintiff vaguely seeks to prohibit retaliation by the "California Department of Corrections" but

15   does he does not identify which individuals he has reason to believe will retaliate against him or

16   what form of retaliation is reasonably likely to occur.  The undersigned further notes that Plaintiff

17   is no longer housed at Kern Valley Prison, where the alleged acts occurred.  Instead, he is also

18   presently housed at San Question State Prison and thus does not interact with the named

19   Defendants who work at Kern Valley State Prison.  Plaintiff also wholly fails to address whether

20   the balance of equities and the public interest favor granting injunctive relief.  Finally, the Court

21   lacks jurisdiction over Defendants because they have yet to be served.  *See Zepeda v. U.S.*

22   *Immigr. & Naturalization Serv*., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an

23   injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the

24   claim; it may not attempt to determine the rights of persons not before the court.").

25         The undersigned finds this is not an extraordinary circumstance warranting the issuance of

26   a preliminary injunction and recommends Plaintiff's Motion should be denied.

27         Accordingly, it is **ORDERED**:

28         The Clerk of Court is directed to assign a District Judge to this matter.

4

1    It is further **RECOMMENDED**:

2    Plaintiff's motion for preliminary injunction (Doc. No. 11) be **DENIED**.

3                                    **NOTICE TO PARTIES**

4    These findings and recommendations will be submitted to the United States district judge

5    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen

6    (14) days after being served with these findings and recommendations, a party may file written

7    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

8    Findings and Recommendations."  Parties are advised that failure to file objections within the

9    specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

10   838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

11

12   Dated:   __October 4, 2021__

13                                    HELENA M. BARCH-KUCHTA
                                      UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28