UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>   Plaintiff,<br><br> v.<br><br>Z. JONES and J. RIVERA,<br><br>   Defendants. | Case No. 1:21-cv-01193-NONE-HBK<br><br>ORDER STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE<br><br>(Doc. No. 17)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR STAY OF ABEYANCE<br><br>(Doc. No. 18, 19, 24)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CASE MANAGEMENT CONFERENCE<br><br>(Doc. No. 20)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. No. 21)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENTER EXHIBIT<br><br>(Doc. No. 25) |

  Plaintiff Thomas K. Mills is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. (Doc. Nos. 7, 9). Mills filed a First Amended Complaint on September 27, 2021. (Doc. No. 7, "FAC"). The Court screened the FAC

1 on October 14, 2021 and, having determined that it adequately stated claims for excessive force
2 against Defendants Jones and Rivera, directed service.  (Doc. No. 15, directing service under the
3 Court's E-Service pilot program and affording Defendants the opportunity to waive service).
4 Indeed, on October 26, 2021 Defendants filed a notice of intent to waive service.  (Doc. No. 25).
5 Thus, Defendants' responses to the FAC are not due.  (Doc. No. 15 at 3 ¶ 5, affording Attorney
6 General 30 days after filing of notice for defendant to file waiver and affording 60 days thereafter
7 for response).

8 Between October 14 and 25, 2021, Plaintiff filed the following seven motions: (1) motion
9 for summary judgment (Doc. No. 17); (2) motion for "stay of abeyance" (Doc. Nos. 18); (3)
10 amended motion for stay and abeyance (Doc. No. 19); (4) motion for case management
11 conference (Doc. No. 20); (5) motion for default judgment (Doc. No. 21); (6) motion to enter
12 exhibit (Doc. No. 22); and (7) amended motion for *Rhines* stay (Doc. No. 24).

13 Before addressing each motion *in seriatim*, the Court cautions Plaintiff about filing
14 repetitive motions.  As noted, this case is in the early stages of litigation with service only
15 recently been directed.  Nonetheless, Plaintiff has filed seven motions, three of which are labeled
16 "amended" motions.  The motions, as further discussed below, are premature, facially defective
17 or otherwise improper.  "Flagrant abuse of the judicial process cannot be tolerated because it enables
18 one person to preempt the use of judicial time that properly could be used to consider the meritorious
19 claims of other litigants."  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).
20 And this court has "long labored under one of the heaviest caseloads in the nation."  *See* Standing
21 Order in Light of Ongoing Judicial Emergency in Eastern District of California.[1] Courts have the
22 discretion to manage its own docket.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (Ninth
23 Circuit noting that "[i]t is incumbent upon us to preserve the district courts' power to manage their
24 dockets without being subject to the endless vexatious noncompliance of litigants.").  Generally, pre-
25 answer motions are the exception and are necessary only in special circumstances.

26 <u>Motion for Summary Judgment</u> (Doc. No. 17)
27 Plaintiff moved for summary judgment on October 14, 2021.  (Doc. No. 17).  The
28 summary judgment motion largely repeats the allegations in Plaintiff's Complaint and includes a

2

1 brief statement of "stipulated facts" and a "declaration" from Plaintiff that those facts are true. (*Id.*). As noted *supra*, the Complaint has not yet been served upon Defendants. While Rule 56 of the Federal Rules of Civil Procedure permits "a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision (b)). Courts routinely deny motions for summary judgment as premature when the opposing party has not been served. *See, e.g., Bradford v. Ogbuehi*, No. 117CV01128SABPC, 2020 WL 9886194, at *1 (E.D. Cal. Feb. 20, 2020); *Carr v. Pruitt*, No. 117CV01769DADSABPC, 2020 WL 3470349, at *1 (E.D. Cal. June 25, 2020); *Williams v. Yuan Chen*, No. S-10-1292 CKD P, 2011 WL 4354533, at * 3 (E.D. Cal. Sept. 16, 2011); *Moore v. Hubbard*, No. CIV-S-06-2187 FCD EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009). Here, Defendants have not been served and the scheduling order is forthcoming. The Court finds Plaintiff's motion for summary judgment to be premature.

Further, Local Rule 260(a) requires the party moving for summary judgment to provide a "Statement of Undisputed Facts" that cites to the evidentiary basis for each undisputed fact. Federal Rule of Civil Procedure 56(c) similarly mandates that all undisputed facts be based on "materials in the record" such as affidavits or depositions. Although Plaintiff's motion refers to "stipulated facts," the motion does not cite to the record nor provide a basis for the "stipulated facts." (Doc. No. 17 at 5). And the purported "stipulated facts" are not stipulated to by Defendants. (*Id.*). Instead, the motion merely sets forth the allegations in the FAC. The Court sets the time within which motions for summary judgment are to be filed in its Scheduling Order, which has not yet issued in this case since Defendants have not yet answered. The motion thus is facially defective and violates Local Rule 260 and Federal Rule of Civil Procedure 56. Because Plaintiff's summary judgment motion is premature and because it fails to comply with the applicable procedural rules and is otherwise facially deficient, the Court will strike it.

Motions for Stay and Abeyance (Doc. Nos. 18, 19 and 24)

Plaintiff filed three motions requesting a "stay and abeyance" of this action. (Doc. Nos.

18,19 and 24). In his first motion, which comprises one page, Plaintiff admits he is "awaiting a [CDCR] response" from "the third level of grievance appeal." (Doc. No. 18.). In his second motion, Plaintiff requests to enter an "exhibit R" to the case and then attaches the proposed exhibit, which appears to be an excerpt of caselaw and portions of Plaintiff's medical records. (Doc. No. 19). The motion is otherwise devoid of any argument. (*Id*.). In his third motion, Plaintiff references a "*Rhines* Stay" in the title. (Doc. No. 24). Plaintiff again attaches documents: 34 pages which include an incident report and excerpts of Plaintiff's medical records, but the motion lacks any grounds upon which the motion is brought or purpose of the attached documents. (*Id*.).

Initially, the motions all fail to comport with basic pleading requirements. A motion shall "state with particularity the grounds for seeking the order" and shall "state the relief sought." Fed. R. Civ. P. 7(b). Further, to the extent Plaintiff wishes the court to consider exhibits, they must be attached to the pleading. Fed. R. Civ. P. 10. Liberally construed and to the extent discernable from the body of the first motion and the titles of the other motions, Plaintiff wishes the Court to stay this action in order that he may exhaust his administrative remedies which he has not yet done. Plaintiff's request for a "*Rhines* Stay" is not appropriate in a civil rights action. The Supreme Court permits a district court in a habeas corpus proceeding to stay all the claims in a petition while the petitioner returns to the state courts to exhaust his already pled but unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The California Department of Corrections and Rehabilitation's ("CDCR") administrative remedy process governs this action.[1] *See* Cal. Code Regs. tit. 15, § 3084.1 (2016). Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a condition <u>precedent</u> to filing a civil rights claim. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added); s*ee also McKinney v. Carey*,

---

[1] The court cites to the regulations in force at the time relevant to this action. These regulations were recently amended. *See* Cal. Code Regs. tit. 15, § 3480-3487 (2021).

311 F.3d 1198, 1200 (9th Cir. 2002).  The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016).  While a plaintiff is not required to plead exhaustion, the court may *sua sponte* dismiss a complaint for failure to exhaust administrative remedies if a plaintiff's filings make clear they have failed to exhaust.  *Meador v. Pleasant Valley State Prison*, 333 F. App'x 177, 178 (9th Cir. 2009).  This Court is not permitted to stay this action in order for Plaintiff to complete the administrative process.  *Vaden v. Summerhill*, 449 F.3d 1047, 1050–51 (9th Cir. 2006) (reaffirming that court should not stay action while prisoner exhausts his administrative remedies because exhaustion requirement is mandatory and must be completed <u>before</u> a plaintiff commences his lawsuit).

While Plaintiff is not required to plead exhaustion in his complaint, he nonetheless appears to acknowledge in these subsequent pleadings that he did not exhaust his administrative remedies before he commenced this action.  If true, this Court would be compelled to dismiss this action.  In light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to show cause why the Court should not dismiss this action before recommending dismissal of this action or entertaining a motion for summary judgment from Defendants based on exhaustion.  In his response, Plaintiff should specifically address whether he grieved all levels of the administrative appeal and, if not, whether his ability to grieve was thwarted by prison officials.  If Plaintiff concludes he has not exhausted, he may consider voluntarily dismissing this action under Federal Rule Civil Procedure 41(a)(1) without prejudice[2] before Defendants file an Answer to the FAC or move for summary judgment based on exhaustion.  Plaintiff then can refile a new action once he has fully exhausted the administrative process.  The Court will stay the time in which Defendants are required to file an answer to Plaintiff's FAC to permit Plaintiff an opportunity to either respond and show cause why the Court should not recommend dismissal or move for voluntary dismissal.

///

---

[2] The Rule permits a plaintiff to file a "notice of dismissal before the opposing party serves either its answer or a motion for summary judgement." Fed. R. Civ. P. 41(a)(1).

1. Motion for Case Management Conference (Doc. No. 20)

On October 15, 2021, Plaintiff moved for a case management conference. (Doc. No. 20). The body of Plaintiff's motion comprises a single sentence, and again he does not elaborate on why a conference is necessary, particularly given the infancy of this case. (*Id.*). The Court does not normally hold case management conferences but issues a Scheduling Order to set deadlines for discovery and dispositive motions. The Court does not issue its Scheduling Order until after the defendants file an answer to the operative pleading. The Court will consequently deny Plaintiff's motion as premature.

2. Motion For Default Judgment (Doc. No. 22)

On October 21, 2021, Plaintiff moved for a default judgment arguing that Defendants have not answered despite the fact his complaint was filed on August 6, 2021. (Doc. No. 22). The Court liberally construes the motion as brought under Fed. R. Civ. P. 55(a). Plaintiff's request for the clerk to enter a default is without merit.

Under 28 U.S.C. § 1915A, courts are required to screen a prisoner's complaint that seeks relief against a governmental entity, its officers, or its employees. *See* 28 U.S.C. § 1915A(a). Defendants are not required to answer until the court completes the screening process directs service of the screened pleading. Plaintiff's Amended Complaint was screened October 13, 2021 and the Court then ordered Defendants served. (Doc. No. 15). Pursuant to Rule 12, "[a] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). A defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). In this case, service was ordered on all Defendants under the Court's E-Service pilot program. (Doc. No. 15). The service order stated: "A defendant who timely waives service need not serve an answer to the complaint until sixty days after the waiver of service of process was sent." (*Id*. at 3). Further, the order stated: "For any defendant who CDCR advises will be waiving service, the date CDCR files its Notice of E-Service Waiver will be considered the date the request for waiver was sent." (*Id*.). *Supra*, on October 26, 2021, Defendants filed a notice of intent to waive E-Service. (Doc. No.

25). Defendants answers are therefore not yet due.  The Court finds the Clerk properly withheld entry of default and denies Plaintiff's motion.

<u>Motion to Enter Exhibit</u> (Doc. No. 23)

On October 25, 2021, Plaintiff filed a motion requesting to enter "an exhibit to my summary judgment motion." (Doc. No. 23).  Attached to Plaintiff's motion is a copy of a 2001 Ninth Circuit opinion. (*Id*. at 6-20). *Supra*, the Court struck Plaintiff's summary judgment motion without prejudice as premature and facially defective. Thus, Plaintiff motion to enter an exhibit to the motion is moot.  Further, Plaintiff is advised the Court also does not accept piecemeal pleadings.  Should Plaintiff later renew his summary judgment motion, he should ensure all necessary exhibits are included in the motion at the time of filing.

Accordingly, it is **ORDERED:**

1. The Clerk shall strike Plaintiff's motion for summary judgment (Doc. No. 17) and terminate it as a pending motion.
2. Plaintiff's motions for stay and abeyance (Doc. Nos. 18, 19, 24) are DENIED.
3. Plaintiff's motion for case management conference (Doc. No. 20) is DENIED.
4. Plaintiff's request for clerk's entry of default judgment (Doc. No. 22) is DENIED.
5. Plaintiff's motion to enter exhibit (Doc. No. 23) is DENIED as moot.
6. Within **thirty (30) days** from receipt of this Order Plaintiff shall show cause why the Court shall not recommend that this case be dismissed for Plaintiff's failure to exhaust administrative remedies.  Alternatively, if Plaintiff acknowledges that he did not fully complete his administrative remedies at the time he commenced this action, he may file a notice of voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(1).
7. Defendants are discharged from the requirement to enter an appearance and file a response or answer to Plaintiff's FAC until further Order by the Court.

Dated:    October 27, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE