UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>        Plaintiff,<br><br>    v.<br><br>Z. JONES and J. RIVERA,<br><br>        Defendants. | Case No. 1:21-cv-01193-NONE-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR MISCELLEANOUS RELIEF<br><br>(Doc. Nos. 30-31)<br><br>ORDER FOR DEFENDANTS TO ENTER APPEARANCE AND FILE RESPONSIVE PLEADINGS<br><br>SIXTY-DAY DEADLINE |

      Plaintiff Thomas K. Mills is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.  (Doc. Nos. 7, 9).  Before the Court are Plaintiff's pleadings titled "motion to enter medical record concerning knot on the back of my head from beating" and motion to "enter grievance completion of The First And Second Level" filed respectively on November 5 and November 8, 2021.  (Doc. Nos. 30, 31).

      The present motions come on the heels of the seven motions Plaintiff has filed between October 14 and 25, 2021.  (Doc. Nos. 17-22, 24).  In ruling on those previous motions, the Court cautioned Plaintiff about filing repetitive, premature, and deficient motions.  (Doc. No. 26 at 2). Plaintiff was further instructed not to file piecemeal pleadings and that he later would have the opportunity to include such documents in an amended pleading or appropriate pleading, such as a

1

motion for a summary judgment motion or opposition.  (*Id.* at 7).

The present motions continue the same unacceptable pattern.  Plaintiff's motion to "enter medical record concerning knot on the back of my head From beating" (Doc. No. 30) attaches two photos of his head that purportedly show injuries to his head.  (Doc. No. 30 at 8).  Plaintiff's motion to "enter grievance completion of The First And Second Level" (Doc. No. 31) attaches what he describes as first level grievance response.  The Court cannot discern for what purpose these documents are being filed.  The Court does not accept piecemeal pleadings or supplement pleadings previously filed a litigant.  If Plaintiff wishes to file an amended complaint or move after the pleadings and discovery closes and attach these documents for some purpose he may do so at a later time.  Plaintiff is cautioned that if he persists in improperly submitting documents to the Court, the Court will strike them from the record without further explanation.

On October 27, 2021, the Court ordered Plaintiff's to show cause why this case should not be dismissed for failure to exhaust administrative remedies.  (Doc. No. 26 at 3-5, 7).   Plaintiff responded by acknowledging he had not exhausted his administrative remedies but stating it was because prison officials had thwarted his ability to do so. (Doc. No. 30 at 2-3).  The Court had previously discharged Defendants from the requirement to enter an appearance or file a response or answer to Plaintiff's First Amended Complaint pending Plaintiff's response to the order to show cause.  (Doc. No. 26 at 7, ¶ 7).  Because there is insufficient evidence for this Court to conclude whether administrative remedies were available to Plaintiff prior to his initiation of this action, the Court will permit this case to proceed and direct Defendants to enter an appearance and file a responsive pleading.  Permitting this case to proceed is not a determination by the Court as to whether Plaintiff has fully and properly exhausted his available administrative remedies and in no way forecloses Defendants the opportunity to move for summary judgment on exhaustion grounds if appropriate.

Accordingly, it is **ORDERED:**

1. Plaintiff's motions for miscellaneous relief (Doc. Nos. 30-31) are DENIED.
2. Defendants shall enter an appearance and file a response or answer to Plaintiff's First Amended Complaint as previously set forth in the Court's October 14, 2021

1         Order (Doc. No. 15).

2

3   Dated:   November 10, 2021

4                                   HELENA M. BARCH-KUCHTA
                                  UNITED STATES MAGISTRATE JUDGE