UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>            Plaintiff,<br><br>     v.<br><br>I.Z. JONES, J. RIVERA,<br><br>            Defendants. | Case No.  1:21-cv-01193-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL<br><br>(Doc. No. 65, 68) |

      Pending before the Court are a series of repeat motions from Plaintiff including two motions to appoint counsel filed nine days apart.[1] (Doc. Nos. 65, 68).  Plaintiff previously filed a first motion to appoint counsel on September 30, 2021, which the Court denied.  (Doc. Nos. 10, 14).  On February 9, 2022, Plaintiff filed this, his second motion requesting appointment of counsel, and, before this Court ruled on Plaintiff's second motion to appoint counsel, Plaintiff filed his third motion requesting appointment of counsel on February 18, 2022.  (Doc. Nos. 65,

---

[1] Just since January 3, 2022, Plaintiff has filed 14 motions.  Plaintiff has filed the same or similar motions multiple times, including the two motions to appoint counsel which are subject to this Order.  Motions filed by Plaintiff include but are not limited to a motion to amend his complaint filed on January 3, 2022 (this would be Plaintiff's second amendment of his complaint) (Doc. No. 53); motion to compel discovery filed on February 8, 2022 (Doc. No. 64); a second motion to appoint counsel filed on February 9, 2022 (Doc. No. 65); a third motion requesting the appointment of counsel filed on February 18, 2022 (Doc. No. 68); a motion to amend the complaint filed on February 24, 2022 (Doc. No. 71); a motion requesting CT scan records filed on March 21, 2022 (Doc. No. 75); a motion to enter a letter into the record filed on March 28, 2022 (Doc. No. 76); and a motion to compel discovery filed on March 30, 2022 (Doc. No. 77).

68).

Plaintiff's two motions are duplicative in asserting the grounds upon which he seeks appointment of counsel: (1) he is unable to afford an attorney; (2) his imprisonment makes litigation more difficult; (3) he has limited knowledge of the law and limited law library access, and this case is complex; (4) conflicting testimony may be presented at trial; and (5) he has been unable to independently secure an attorney.  (Doc. Nos. 65 at 1-2, 68 at 1-2).  Plaintiff raised these grounds in his previous motion, which the Court found did not warrant exceptional circumstances to appoint Plaintiff counsel. (*See* Doc. Nos. 10, 14).  The Court finds no changed circumstances to warrant appointment of counsel and will not continue to reiterate the law and its reasons for denying appointment of counsel.  Instead, the Court incorporates the reasons and law set forth in the Court's October 6, 2021, Order as through set out at length herein. (Doc. No. 14).

## VEXATIOUS LITIGANT CAUTION WARNING

As discussed *supra*, Plaintiff has filed numerous motions which are duplicative, were previously denied by this Court, do not assert changed circumstances, or are premature.  *See generally* docket.  Again, as discussed *supra*, Plaintiff filed 14 motions between January 3, 2022, and March 31, 2022.  *See generally* docket.  Some of the motions filed are on the same subject matter and were filed a mere few days apart.  (*See* Doc. Nos. 65, 68) (duplicative motions to appoint counsel filed nine days apart); (*see also* Doc Nos. 64, 77) (motions to compel discovery); *cf.* (Doc. Nos. 50, 58) (where this Court denied Plaintiff's motion to compel discovery because it was improper and premature since no Discovery and Scheduling Order was issued).

A district court has the power under the All-Writs Act to place certain requirements on individuals who have lengthy histories of abusive litigation.  *See* 28 U.S.C. § 1651.  Federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances."  *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).  "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."  *DeLong*, 912 F.3d at 1148; *see also Molski v. Evergreen Dynasty Corp.*, 500

F.3d 1047, 1057 (9th Cir. 2007). "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable laws. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." L.R. 183 (2022).

The Federal Rules of Civil Procedure, the Local Rules, and other legal obligations discussed *supra* apply to Plaintiff. Plaintiff's *pro se* status is not and excuse to ignore the Court's repeated warnings, violate various rules; instead, Plaintiff is expected to abide by them. *See* L.R. 183 (2022). Plaintiff is cautioned because of his litigious behaviour—filing duplicative motions, filing premature motions, filing duplicative motions a few days apart, filing motions that have little to no success on the merits, and filing improper motions—he is on the verge of being sanctioned, and if Plaintiff continues his litigious behaviour, the Court will be forced to sanction him with a recommendation that the district court dismiss this action.

Accordingly, it is **ORDERED**:

Plaintiff's motions to appoint counsel (Doc. Nos. 65, 68) are DENIED.

Dated:   March 31, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3