UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>I. Z. JONES, J. RIVERA,<br><br>　　　　Defendants. | Case No.  1:21-cv-01193-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REPLY TO DEFENDANTS' ANSWER<br><br>(Doc. No.  60) |

　　　　Pending before the Court is Plaintiff's Motion to file a Reply to Defendants' Answer to Plaintiff's First Amended Complaint.  (Doc. No. 60).  Defendants did not file a response in opposition.  *See generally* docket.  The Court nonetheless denies the Motion.

　　　　Federal Rule of Civil Procedure 7(a) identifies the types of pleadings which are allowed. Fed. R. Civ. P. 7(a).  Parties are only permitted to file a reply "if the court orders one."  Fed. R. Civ. P. 7(a)(7).  A reply is not permitted as a right.  Leave to file a reply, or to compel a reply, requires the moving party to make clear and convincing reasons or show extraordinary circumstances why a reply is necessary.  *Moviecolor, Ltd. v. Eastman Kodak Co.*, 24 F.R.D. 325, 326 (S.D. N.Y. 1959) ("that a reply to an affirmative defense should not be ordered unless there is a clear and convincing factual showing of necessity or other extraordinary circumstances of a compelling nature").

　　　　Defendants' answer to Plaintiff's first amended complaint does not include a counterclaim

against Plaintiff.  (*See* Doc. No. 47).  Nor has this Court ordered Plaintiff to reply to Defendants' answer.  Furthermore, Plaintiff's motion does not state clear and convincing reasons or what extraordinary circumstances would compel this Court to permit him to file a reply.  Therefore, because Plaintiff has not provided clear and convincing reasons or extraordinary circumstances to warrant filing a reply, the Court will deny the Motion.[1]

Accordingly, it is **ORDERED**:

Plaintiff's Motion to File Reply to Defendants' Answer (Doc. No. 60) is **DENIED**.

Dated:    March 31, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] It appears that Plaintiff disputes the application of Defendants' Affirmative Defenses.  While a court may direct a plaintiff to file a reply when a defendant raises the affirmative defense of qualified immunity, *see Crawford-El v. Britton*, 523 U.S. 574 (1998), replies are normally only requested by the court when a plaintiff fails to aver "specific, nonconclusory factual allegations."  *Id*.  To the extent Defendants raise any affirmative defenses by way of pre-trial motion, Plaintiff will have an opportunity to file a response and/or evidence to the motion to refute Defendants' entitlement to such affirmative defense.