UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>            Plaintiff,<br><br>     v.<br><br>I. Z. JONES, J. RIVERA,<br><br>            Defendants. | Case No.  1:21-cv-01193-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND THE COMPLAINT WITHOUT PREJUDICE<br><br>(Doc. Nos.  53, 71, 93) |

Plaintiff—a state prisoner—is proceeding in this action on his First Amended Complaint filed September 27, 2021.  (Doc. No. 7, "FAC").  Defendants filed an Answer to the FAC on December 23, 2021.  (Doc. No. 47).  Pending before the Court are Plaintiff's motions to amend his FAC filed on January 3, 2022, February 24, 2022, and April 11, 2022.  (Doc Nos. 53, 71, 93).  In Plaintiff's January 3 motion, he seeks to increase the damages he initially sought in his FAC.  ("FAC").  (Doc. No. 53); (*see also* Doc. No. 7).  Before the Court could rule on this motion, Plaintiff filed his February 24 motion seeking to reduce the damages he initially sought in his FAC.  (Doc. No. 71); (*see also* Doc. No. 7).  In April 11 motion, Plaintiff requests leave to amend his FAC "after exhausting my administrative remedies."  (Doc. No. 93 at 2).

Because Plaintiff already filed an amended complaint and Defendants filed an answer, Plaintiff does not have a right to file further amend his complaint unless the opposing party consents in writing or the court grants leave.  Fed. R. Civ. P. 15(a)(2).  This Court's Local Rules

further require a party who is seeking leave of court to file an amended pleading, "to attach the document proposed to be filed as an exhibit to the moving papers seeking leave." L. R. 137 (E.D. Ca. 2022). An amended pleading must be a free-standing pleading, supersedes the previous pleading and becomes the operative pleading. The Court does not accept piecemeal pleading or amend sections of previous pleadings.

Consequently, the Court denies Plaintiff's motions without prejudice because they fail to conform to the Court's Local Rules. If Plaintiff desires to amend his complaint, then he must follow the guidance set forth in the Federal Rules of Civil Procedure and this Court's Local Rules and ensure any subsequent requests to amend his complaint are freestanding, not piecemeal.

## VEXATIOUS LITIGANT WARNING

As discussed *supra*, Plaintiff filed multiple motions before the Court issued a ruling, to amend his complaint. *See generally* docket. Again, as discussed *supra*, all three of Plaintiff's motions to amend his complaint were deficient because they were not compliant with local rules. This is not the first time Plaintiff filed multiple motions on the same subject matter. (*see* Doc. Nos. 10, 40, 65, 68, 85) (motions to appoint counsel); (*see* also Doc Nos. 64, 77) (motions to compel discovery); *cf.* (Doc. Nos. 50, 58). This Court previously warned plaintiff in its April 1, 2022, order that his motions practice was unacceptable and akin to that of a vexatious litigant. (*See* Doc. No. 81 at 2-3). This Court also warned plaintiff multiple times after issuing its April 1, 2022, order (*See* Doc. Nos. 87, 95, 96, 97).

A district court has the power under the All-Writs Act to place certain requirements on individuals who have lengthy histories of abusive litigation. *See* 28 U.S.C. § 1651. Federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong*, 912 F.3d at 1148; *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Any individual representing himself or herself without an

2

attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable laws.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." L.R. 183 (2019).

The Federal Rules of Civil Procedure, the Local Rules, and other legal obligations discussed *supra* apply to Plaintiff.  Plaintiff's *pro se* status is not and excuse to ignore the Court's repeated warnings or violate various rules; instead, Plaintiff is expected to abide by them.  *See* L.R. 183 (2019).  As of the date of this order, Plaintiff should have received the Court's multiple warnings that because of his litigious behaviour he is on the verge of being sanctioned.  (*See* Doc. Nos. 81, 87, 95, 96, 97).

**Plaintiff is warned this is his <u>last</u> and <u>final</u> warning.  If Plaintiff persists in ignoring the Court's orders, the Court will recommend that the district court dismiss this action for abuse of the judicial process.**

Accordingly, it is **ORDERED**:

Plaintiff's Motions to amend his First Amended Complaint (Doc. Nos. 53, 71, 93) are DENIED without prejudice.

Dated:    April 15, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3