UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS, | No. 1:21-CV-01193-ADA-HBK (PC) |
| Plaintiff, | |
| v. | ORDER AFFIRMING MAGISTRATE JUDGE'S DENIAL OF APPOINTMENT OF COUNSEL |
| JONES, et al., | |
| Defendant. | (Doc. No. 130, 133) |

Plaintiff Thomas K. Mills is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a total of seven motions for appointment of counsel. (Doc. Nos. 10, 40, 65, 68, 85, 91, 122.) The magistrate judge has denied each of plaintiff's requests. (Doc. Nos. 14, 44, 81, 88, 95, 130.) Following the most recent denial, plaintiff filed a Request to Enter an Objection to Magistrate Judge's Denial of Plaintiff's Seven Motions for Appointment of Counsel. (Doc. No. 133.) This court considers plaintiff's objections pursuant to Federal Rule of Civil Procedure 72(a).

**I.**

**Legal Standard**

Requests for appointment of counsel are non-dispositive motions that magistrate judges handle in the first instance. *See Brown v. Reif*, No. 2:18-CV-01088 KJM CKD P, 2019 WL

1

989874 at *2 (E.D. Cal. Mar. 1, 2019); L.R. 302(c)(17); 28 U.S.C. § 636(b)(1)(A). A party has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Courts may, however, appoint an attorney to represent an indigent prisoner in a section 1983 case under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); 28 U.S.C. § 1915(e)(1). In deciding whether to appoint counsel, courts must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The district court will not set aside a magistrate's order on a non-dispositive matter unless that order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 303(f). A matter is clearly erroneous when "the district court is left with the definite and firm conviction that a mistake has been made." *Computer Econ., Inc.*, 50 F. Supp. 2d at 983 (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).[1]

## II.

## Discussion

The magistrate judge's most recent denial of plaintiff's request for counsel states that plaintiff has raised "no new grounds not previously considered by the Court." (Doc. No. 130.) Plaintiff's objection disputes this. (Doc. No. 133.) Reviewing plaintiff's most recent motion for appointment of counsel, the Court notes that plaintiff raised the following issues: (1) the factual complexity of the case, including plaintiff's potential need to call or cross-examine a medical expert; (2) the substantial amount of discovery and plaintiff's inability to investigate because he was transferred out of the prison where the alleged incident occurred; (3) the existence of

---

[1] District courts in California are divided over whether the clearly erroneous standard applies only to a magistrate judge's factual and discretionary determinations or to legal determinations as well. *See SMC Networks, Inc. v. Hitron Technologies, Inc.*, No. SACV 12-1293-JST (RNBx), 2013 WL 12136372 at *2 (C.D. Cal. Mar. 15, 2013) (comparing rulings from different California district courts). The Eastern District permits district court judges to review purely legal determinations in non-dispositive pre-trial motions *de novo*. *See Ramos v. Mayfield*, No. 21-cv-1036-JLT-EPG, 2022 WL 95222, at *1 (E.D. Cal. Jan. 10, 2022); *Brown*, 2019 WL 989874, at *2. Regardless, a request for appointment of counsel presents a mixed question of law and fact, requiring the district court to review the magistrate judge's ruling under the clearly erroneous standard. *See Brown*, 2019 WL 989874, at *2.

conflicting testimony; (4) plaintiff's indigency and limited access to the law library; and (5) the legal complexity of conducting a trial. As discussed below, the Court agrees with the magistrate judge that plaintiff's most recent application fails to raise new grounds. Plaintiff does, however, elaborate on two issues in a way not discussed in prior applications for appointment of counsel. First, plaintiff specifically states that it will "probably be necessary" to call or cross-examine a medical expert at trial. Second, plaintiff asserts that, because he was transferred from North Kern State Prison to San Quentin State Prison, he is unable to locate and interview potential eyewitnesses. The Court will address both issues.

**A.     The need to call or cross-examine a medical expert**

Plaintiff argues that "the presence of medical or other issues requiring expert testimony supports the appointment of counsel." As an abstract principle, this may be correct. Plaintiff, however, has done nothing more than make a bare assertion that medical expert testimony may be necessary in this case. Additionally, the non-binding precedents that plaintiff cites are inapposite. Two of the cases involved allegations of medical deliberate indifference. For example, in *Montgomery v. Pinchak*, 294 F.3d 492, 494 (3d Cir. 2002), the plaintiff suffered from a heart condition and HIV. The court noted that an expert would be necessary to explain the consequences of medical treatments that failed to address these conditions because the effects of such indifference would not be apparent to a lay person. *Id.* at 504. Here, plaintiff's allegations are far more straightforward. In his first amended complaint, plaintiff alleges that corrections officers pushed him to the ground and punched him in the face repeatedly while he was handcuffed. (Doc. No. 7.) As a result, plaintiff's face was bleeding and swollen, and he suffered several broken ribs. *Id.* Unlike the deliberate indifference claims in *Montgomery*, the claims here involve overt abuse resulting in apparent and conspicuous injury. There is no showing at this time that expert medical testimony would be necessary, much less required. This Court is satisfied that the magistrate judge has considered the complexity of plaintiff's claims. Plaintiff's unsupported assertions regarding the need for medical expert testimony do not persuade this Court that the magistrate judge's decision to deny appointment of counsel was clearly erroneous.

///

**B.     Inability to locate and interview witnesses**

Courts construe difficulties in conducting discovery as a factor relating to the complexity of the case. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 n.5 (9th Cir. 1986) ("[T]he need for further factual discovery is not, by itself, sufficient to establish the complexity of the legal issues."). The inability to contact or interview witnesses will not render a matter sufficiently complex to warrant the appointment of counsel. *See Id.* at 1331 ("Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case."); *Arellano v. Sedighi*, No. 15-cv-02059-AJB-BGS, 152020 WL 5877832, at *47 (S.D. Cal. Oct. 1, 2020) (denying appointment of counsel to help locate witnesses no longer housed at same prison as plaintiff); *Trueblood v. Cappola*, No. 3:19-cv-05816-RBL-JRC, 2020 WL 1929265, at *2 (W.D. Wash. Apr. 21, 2020).

As discussed above, the magistrate judge has specifically considered the complexity of plaintiff's case in prior denials of motions for appointment of counsel. (*See* Doc. Nos. 14, 81.) The Court also notes that on August 10, 2021 – over one month before his initial request for appointment of counsel – plaintiff notified the court he had been transferred to San Quentin State Prison. (Doc. No. 6.) The magistrate judge, therefore, had knowledge of plaintiff's transfer when considering each of plaintiff's seven applications for appointment of counsel. Plaintiff's most recent application, while more detailed than his previous six, does not convince this Court that the magistrate judge's ruling was clearly erroneous.

## III.

## Conclusion

The court understands that incarcerated plaintiffs with limited education are not in the best position to conduct a jury trial. *See Solis v. County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008). The law, however, places strict limits on a court's discretion to appoint volunteer counsel to assist in civil actions. The magistrate judge has carefully considered seven applications for counsel from plaintiff and concluded that none satisfy that high bar. After reviewing the docket, this court cannot conclude that the magistrate judge's analysis was clearly erroneous or contrary to law. Plaintiff's objections are overruled.

IT IS SO ORDERED.

Dated:   September 12, 2022

_____
UNITED STATES DISTRICT JUDGE