UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>        Plaintiff,<br><br>    v.<br><br>Z. JONES, et al.,<br><br>        Defendants. | Case No.  1:21-cv-01193-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY<br><br>(Doc. Nos.  121, 127) |

Pending before the Court are Plaintiff's motions to compel Defendants to answer interrogatories filed on July 29, 2022 and August 3, 2022, respectively.  (Doc. Nos. 121, 127). Plaintiff is a state prisoner proceeding pro se on his First Amended Complaint.  (Doc. No. 7). Defendants filed an omnibus response addressing the motions subject to this order, as well as other motions filed by Plaintiff, on September 14, 2022.  (Doc. No. 137).  The Court denies Plaintiff's motions.

In Plaintiff's July 29 one-page motion, he requests the Court to order Defendants to answer, "set one" and "set two" of his "interrogatory questions."  (Doc. No. 121 at 2).  Plaintiff explains that while Defendants objected to the questions, he believes they need to answer each question.  (*Id*.).  In Plaintiff's August 3 motion, he requests the Court to order Defendants to answer interrogatories nos. 9-14.  (Doc. No. 127).  Plaintiff states he wrote a letter to counsel on June 27, 2022 to comply with the Court's local rule to meet and confer.  (*Id*. at 3, ¶ 4).  Plaintiff

attaches Defendants' responses to interrogatories nos. 9-14 as an exhibits. (*Id*. at 8-10).

In opposition, Defendants raise three grounds:  Plaintiff failed to meet and confer with defense in violation of Federal Rule of Civil Procedure 37(a); the interrogatories at issue were served on Defendants before the Court issued a scheduling order regulating discovery therefore Plaintiff's discovery requests were premature; and Plaintiff failed to meet his burden showing why Defendants' objections to the interrogatories are not justified.  (Doc. No. 137 at 9-11).

At the outset, the motions are procedurally deficient.  In fact, Plaintiff's July 29 motion does not identify what was requested in "set one" and "set two" of his "interrogatory questions." Nonetheless, prisoner actions are exempt from the initial disclosure requirements set forth in Rule 26.  *See* Fed. R. Civ. P. 26(a)(1)(B)(iv).  Here, the Court did not issue a discovery and scheduling order until July 25, 2022.  (Doc. No. 120).  Further, a party must confer or attempt to confer with the opposing party in an effort to resolve a discovery dispute before filing a motion to compel discovery.  Fed. R. Civ. P. 37(a)(1); *see also* Local Rule 251(b).

Defendants state that the subject discovery was served on them on February 14, 2022, February 17, 2022, February 27, 2022, and April 4, 2022, well before the issuance of the discovery and scheduling order permitting discovery to proceed.  (Doc. No. 137-2, ¶ 3).  Indeed, the Court had previously warned Plaintiff he was prematurely engaging in discovery earlier in this case and directed that discovery should not commence until the court issued a discovery and scheduling order.  *See* April 1, 2022 Order (Doc. No. 83).  District courts have "broad discretion to manage discovery." *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). Defendants in responding to Plaintiff's propounded discovery generally objected on the grounds that the Court had not issued a scheduling order, and thus the discovery was premature.  (Doc. No. 127 at 9).  Further, while Plaintiff states he sent a letter to defense counsel in order to satisfy the Court's Local Rule to meet and confer, he filed the motions to compel before the date defense counsel would have received the letter and/or had an opportunity to respond.[1]  This action falls far short of the good faith meet and confer requirement.

Because the Court had not yet issued a discovery and scheduling order, Defendants were

---

[1] Plaintiff sent the letter on July 27, 2022 and filed his motions to compel on July 29 and August 3, respectively.

not under an obligation to respond to the premature discovery.  Thus, the Court will deny the motions.  If he has not already so done, Plaintiff may reserve his discovery on Defendants so they may respond as appropriate.  The Court will not deem the prematurely served discovery as part of the 25 limited discovery requests under Rules 33, 36 or 34.

Accordingly, it is **ORDERED**:

Plaintiff's motions to compel discovery (Doc. Nos. 121, 127) are DENIED.

Dated:     October 24, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE