UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>                    Plaintiff,<br><br>         v.<br><br>Z. JONES, et al.,<br><br>                    Defendants. | Case No.  1:21-cv-01193-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER<br><br>(Doc. No.  128) |

Pending before the Court is Plaintiff's motion for a protective order filed on August 11, 2022.  (Doc. No. 128).  Plaintiff requests a protective order pursuant to Fed. R. Civ. P. 26(c)(1) to prevent Defendant from asking him questions at a deposition about his criminal record, prison file, an unspecified incident that occurred at North Kern State Prison on June 6, 2021, and "any other inappropriate questions Plaintiff doesn't want to answer…"  (Doc. No. 128 at 2-3).

Defendants filed an opposition through an omnibus response on September 14, 2022, opposing Plaintiff's motion on multiple grounds.  (Doc. No. 137).  Defendants first argue that the motion should be denied under Local Rule 251(b) and Rule 37(a) of the Federal Rules of Civil Procedure because Plaintiff failed to meet and confer with defense counsel prior to filing his motion for a protective order.  (Doc. No. 137 at 11).  Additionally, Defendants argue the motion is premature because Plaintiff's deposition has not even been scheduled and is improper because it was filed with the "purpose of anticipatorily evading [Plaintiff's] discovery obligations in this

1  case." (*Id*.).  Finally, Defendants argue, granting Plaintiff's motion would "prohibit Defendants
2  from discovering relevant information that bears on the claims and defenses at issue in this
3  action" in violation of Rule 26(b)(1) of the Federal Rules of Civil Procedure and Supreme Court
4  precedent.  (*Id*. at 12).

5        A party is authorized to move for a protective order and must show the court good cause
6  for issuing a protective order. Fed. R. Civ. P. 26(c).  To show good cause, the party seeking the
7  protective order must show the specific prejudice or harm that will be the consequence of not
8  granting a protective order.  *Philips ex rel. Estates of Byrd v. General Motors Corps*. 307 F.3d
9  1206, 1211-12 (9th Cir. 2002) (quotation and citations omitted).  *See also Beckman Indus., Inc. v.*
10 *International Ins. Co.*, 966 F.2d 470, 476 (9thCir. 1992)(holding that the Rule 26(c) test is not
11 met when a party makes broad allegations of harm that are unsubstantiated by specific examples
12 or articulated reasoning).  Protective orders may be issued to forbid certain disclosures or
13 discovery, forbid a party from inquiring into certain matters, or to limit the scope of the disclosure
14 or discovery of a certain matter.  Fed. R. Civ. P. 26(c)(1)(A) and Fed. R. Civ. P. 26(c)(1)(D).
15 During a deposition, a party can object to evidence, a question, or any other aspect of the
16 deposition.  Fed. R. Civ. P. 30(c)(2).  A party's objection will be noted in the record, **but the**
17 **examination will continue and the question will still be answered**.  *Id*.  (emphasis added).

18       Plaintiff's request for a protective order alleges the exact broad allegations of harm the
19 Ninth Circuit sought to prevent in *Phillips*.  Plaintiff does not provide specific details on what
20 harm he will experience if he answers questions pertaining to his criminal record, his prison file,
21 and the June 6, 2021 incident.  Instead of providing any details on the harm he will experience,
22 Plaintiff requests that he be precluded from answering the questions because he is pro se and the
23 questions are inappropriate for a deposition. (Doc. No. 128 at 3).  Plaintiff fails to meet his
24 burden as established by the Ninth Circuit in *Phillips*.  Plaintiff has other appropriate remedies
25 available under the Federal Rules of Civil Procedure if he believes he is asked objectionable
26 questions during his deposition.  In accordance with Rule 30 of the Federal Rules of Civil
27 Procedure, Plaintiff merely needs to state his objection to the question for the record, but then
28 must answer the question (barring any other limitations in Rule 30).  This Court will follow the

Federal Rules of Civil Procedure and rule on any objections made at the deposition at the appropriate time in the litigation process as appropriate.

Accordingly, it is **ORDERED**:

Plaintiff's motion for a protective order (Doc. No. 128) is DENIED.

Dated:     October 24, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE