UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS, | Case No. 1:21-cv-01193-ADA-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| Z. JONES and J. RIVERA, | FOURTEEN DAY OBJECTION PERIOD |
| Defendants. | (Doc. No. 123) |

Pending before the Court is Plaintiff's "motion for partial summary judgment" filed on July 29, 2022. (Doc. No. 123, "MSJ"). Defendants filed an opposition in their September 14, 2022 omnibus response. (Doc. No. 137). For the reasons below, the undersigned recommends the District Court deny Plaintiff's MSJ.

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material where it is (1) relevant to an element of a claim or a defense under the substantive law and (2) would affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1987). Similarly, Local Rule 260(a), each motion for summary judgment "shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite to particular portions of any pleading . . .

1  or other document relied upon to establish that fact." Local Rule 260(a).  The party moving for
2  summary judgment bears the initial burden of proving the absence of a genuine dispute of
3  material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

## II.    BACKGROUND

Plaintiff, a state prisoner, is proceeding pro se on his First Amended Complaint ("FAC") filed under 42 U.S.C. § 1983.  (Doc. No. 7).  Plaintiff alleges that while incarcerated at North Kern State Prison correctional officers Jones and Rivera violated his Eighth Amendment right by using excessive force when they pushed him to the ground, punched him in the face multiple times, slapped his face several times, and kicked him in his chest.  (Doc. No. 7 at 3).  Plaintiff was handcuffed during the chain of events.  (*Id*.).  Defendants filed an answer denying the allegations in the FAC and asserting various affirmative defenses.  (Doc. No. 47).  The Court entered a Scheduling and Discovery Order on July 25, 2022.  (Doc. No. 120).  Procedurally, this case is at the early stages of litigation.  Notably, after filing his MSJ, Plaintiff filed motions to amend his FAC and lodged second amended complaints.  *See* motions to amend and lodged second amended complaints filed on August 1, 2022 and September 8, 2022, respectively.  (Docs. Nos. 124, 125, 134, 135).  The Court recently extended the time period for Defendants to file an exhaustion -based motion for summary judgment and Defendants filed their exhaustion-based motion for summary judgment on October 31, 2022.   (Doc. Nos. 147, 151 ).

## III.    ANALYSIS

The MSJ comprises six pages.  Although labeled a "partial" summary judgment, Plaintiff requests that Court grant him "summary judgment as to the liability of Defendants" and "damages."  (Doc.  123 at 2).  Plaintiff attaches 31 pages of exhibits to his MSJ.  (Id. at 7-38).  The exhibits appear to be Plaintiff's unauthenticated medical records.

Defendants oppose the MSJ on the grounds that the facts are unsupported and Plaintiff fails to submit any admissible evidence in support of his facts.  (Doc. No. 137 at 20).  Defendants also request the Court deny the MSJ under Fed. R. Civ. P. 56(d) because Defendants have not yet been able to engage in fact discovery.  (*Id*. at 21).

The undersigned finds the MSJ is procedurally deficient.  The MSJ contains no argument

or recitation to caselaw. It includes a "Statement of Undisputed Facts" listing five undisputed facts. (*Id*. at 4). The first two undisputed facts are not statements of fact but instead are questions about possible facts. (*Id*., questioning why Plaintiff had bleeding around his eyes and how did Plaintiff's ribs get broken). The three remaining fact are not material as to the issue of whether Defendants used excessive force but address procedural issues. (*Id*. noting Defendants' affirmative defenses and whether Plaintiff exhausted his administrative remedies). Further, Plaintiff does not cite to any particular pleading, affidavit, deposition, interrogatory answer, admission, or any other document relied upon to establish the alleged "facts." (*See Id*.). Moreover, in addition to not being authenticated, Plaintiff fails to explain how the medical records he attaches as exhibits are relevant.

To establish the absence of a genuine factual dispute, Plaintiff must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . " Fed. R. Civ. P. 56(c)(1)(A). *See also* Local Rule 260(a). Even giving the benefit that his alleged facts are material facts, not conceded, Plaintiff's MSJ is fails to comply with Federal Rule 56(c)(1)(A) and Local Rule 260(a). Litigants who proceed pro se are held to "less stringent standards than formal pleadings drafted by lawyers." Haines *v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Still, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted), overruled on other grounds, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc). Further, as noted, this case is in the early stages of litigation and Defendants have not had an opportunity to engage in merits-based discovery.

Accordingly, it is RECOMMENDED:

Plaintiff's motion for partial summary judgment (Doc. No. 123) be DENIED without prejudice as procedurally deficient.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     November 2, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4