UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| THOMAS K. MILLS, | Case No. 1:21-cv-01193-ADA-HBK (PC) |
|---|---|
| Plaintiff, | FINDING AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| Z. JONES, et al., | FOURTEEN DAY OBJECTION PERIOD |
| Defendants. | (Doc. No. 134) |

Pending before the Court is Plaintiff's motion seeking leave to amend his First Amended Complaint filed on September 8, 2022. (Doc. No. 134). Plaintiff accompanies his motion with a proposed [second] amended complaint. (Doc. No. 135). Defendants oppose the motion. (Doc. No. 137). For the reasons stated below, the undersigned recommends that Plaintiff's motion for leave to file a second amended complaint be denied.

**BACKGROUND AND PROCEDURAL HISTORY**

**A. Background**

Plaintiff, a state prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on August 6, 2021. (Doc. No. 1). Prior to screening, Plaintiff filed a First Amended Complaint ("FAC") on September 27, 2021. (Doc. No. 7). The

undersigned screened Plaintiff's FAC and found that it stated a cognizable claim for excessive use of force in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment against Defendants Z. Jones and J. Rivera. (Doc. No. 15). After Defendants answered, the Court issued its discovery and scheduling order which set a January 25, 2022 deadline to amend the pleadings. (Doc. No. 120).

### B. Plaintiff's motion and Defendants' opposition

Plaintiff seeks to amend his FAC to add a second claim against Defendants for violating the Americans with Disability Act ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973. (Doc. No. 135 at 4). Plaintiff also wishes to amend the relief he is seeking to include an additional $5,000.00 for emotional and mental damages in addition to his previous requests for compensatory and punitive damages. (*Id*. at 6).

Defendants oppose Plaintiff's motion in their omnibus response. (Doc. No. 137 at 6-8). Defendants first propose that the Court construe Plaintiff's motion to amend the FAC as a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). (*Id*. at 4-5). In the alternative, Defendants argue Plaintiff's attempt to add a claim under the ADA and Rehabilitation Act is futile because the proposed second amended complaint fails to state a plausible claim under either Act. (*Id*. at 6-7). Defendants also argue Plaintiff has unduly delayed amending his complaint because he has been litigating his case for over a year and has been aware of the facts to support his alleged claims under the ADA and Rehabilitation Act since June 2021. (*Id*. at 7-8). Defendants additionally claim that Plaintiff brought his motion to amend in bad faith. (*Id*.). Noting, the Prison Litigation Reform Act ("PLRA") requires Plaintiff to exhaust his administrative remedies, Defendants argue that Plaintiff's attempt to file a second amended complaint is merely an end-run to avoid the exhaustion requirement. (*Id*.). Finally, with respect of Plaintiff's attempt to amend the relief sought, Defendants explain that an amendment of the operative pleading is not warranted or necessary because Plaintiff's recovery of damages is subject to proof at trial and he is not limited to the amount in damages he stated in his complaint. (*Id*. at 6).

## APPLICABLE LAW

The Court issued a pre-trial discovery and scheduling order and Defendants filed an

Answer to the FAC. Thus, both Rules 16 and 15 of the Federal Rules of Civil Procedure apply to analyzing the instant motion. *See Johnson v. Mammouth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)(noting once the district court issues a scheduling order, Rule 16 requires the party seeking to amend to show "good cause" for the amendment and once that is found then the party must demonstrate that amendment is proper under Rule 15)(citing *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989)(same)).

Under Rule 16, "good cause" primarily considers the party's diligence in seeking amendment. *Johnson*, 975 F.2d at 609. Plaintiff sought leave to amend well before the deadline set forth in the scheduling order expired. Because Plaintiff's motion was filed within the time permitted under the scheduling order, the Court finds good cause under Rule 16. Thus, the undersigned turns to analyze whether amendment is permitted under Rule 15(a)(2).

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Leave to amend should be denied if amendment: (1) would cause prejudice to the opposing party; (2) is sought in bad faith; (3) would create undue delay, or (4) is futile. *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011)(citations omitted); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)(noting a "district court does not err in denying leave to amend where the amendment would be futile."); *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). A "district court does not err in denying leave to amend where the amendment would be futile." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). The burden to demonstrate prejudice falls on the party opposing amendment. *DCD Programs, Lt.d v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) is in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**ANALYSIS**

The undersigned first addresses Defendants' argument that the Court should construe Plaintiff's attempt to amend his complaint as a voluntary dismissal under Fed. R. Civ. P. 41(a)(2).

3

(Doc. No. 137 at 4-5). Defendants' argument appears to largely address Plaintiff's August 1, 2022 motion to amend the complaint, which the undersigned found was mooted by Plaintiff's later filed September 8, 2022 motion to amend. Nonetheless, out of an abundance of caution, the Court analyzes Defendants' argument. To support their argument to construe the motion to amend as a Rule 41 dismissal, Defendants point to Plaintiff's statement that he is "refiling" his case "*after dismissal without prejudice for failing to exhaust my administrative remedies before filing the federal lawsuit.*" (*Id.* at 12)(citing to Doc. No. 124 at 3)(emphasis added).

Admittedly, courts must liberally construe pro se prisoner complaints. However, "the liberality with which the court must construe plaintiff's complaint is not an invitation to disregard the rules that bind each litigant who brings a controversy before the federal judiciary." *Driver v. Gibson*, 2021 WL 3857973, *6 (E.D. Cal. Aug. 30, 2021). Plaintiff is permitted to file an amended complaint with either the Defendants' written consent or leave from the Court. Fed. R. Civ. P. 15(a)(2). Further, the Discovery and Scheduling Order permits the parties to amend the pleadings until January 25, 2023. (Doc. No. 120). Plaintiff's single, inartful sentence does not merit construing his motion to amend into a motion to voluntarily dismiss under Rule 41(a)(2). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("…we are also mindful of Supreme Court precedent that instructs federal courts liberally to construe the 'inartful pleadings' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Hughes v. Rowe*, 499 US 5, 9 (1980)) (other citations omitted). Such a construction runs contrary to the Federal Rules of Civil Procedure, the Discovery and Scheduling Order, and Plaintiff's actions which demonstrate, based on his motion's practice alone, a desire to continue litigating this case. *See generally* docket.

Turning to a review of the proposed second amended complaint, the undersigned finds it fails to state a plausible claim under either the ADA or Rehabilitation Act. To state a claim under Title II of the ADA, Plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of

4

[his] disability."

*McGary v. City of Portland*, 386 F.32 1259, 1265 (9th Cir. 2004) (alteration in original). The elements of a claim under § 504 of the Rehabilitation Act are the same, with the additional requirement that the program at issue receive federal funds. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

In his proposed second amended complaint, Plaintiff alleges Defendants violated the ADA and Rehabilitation Act by treating him with cruel and unusual punishment at North Kern State Prison on June 6, 2021, but he otherwise fails to include any facts is support of his claim. (Doc. No. 135 at 4). While Plaintiff states he was a mental health patient, the lodged second amended complaint is otherwise devoid of any facts relating to Plaintiff's mental health condition or how it qualifies as a disability. Nor does the lodged second amended complaint contain any facts as to how Defendants' action or inactions impinged Plaintiff's rights under the ADA or the Rehabilitation Action. More particularly, Plaintiff's proposed second amended complaint fails to contain any facts as to what benefit Plaintiff was qualified to participate in or receive from Defendants, how he was excluded from participation or denied such a benefit, and how such exclusion or denial of benefit or discrimination was because of his disability, assuming he has a qualified disability. (*See generally* Doc. No. 135). The facts Plaintiff alleges in support of his Eighth Amendment are not sufficient to state an ADA claim. *See Griffin v. Kelso*, No. 2:10-cv-2525 MCE AC P, 2018 U.S. Dist. LEXIS 133857, at *16-17 (E.D. Cal. Aug. 7, 2018). As such, it would be futile to permit Plaintiff to file the proposed second amended complaint.

In addition to being futile, the undersigned finds Plaintiff unduly delayed amending his FAC to include any purported ADA or Rehabilitation claim. To evaluate whether a plaintiff unduly delayed bringing his claim, the court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Plaintiff attaches various exhibits to his lodged second amended complaint, which appear to be Plaintiff's medical records. To the extent Plaintiff submits these exhibits as "new" evidence to overcome any argument that he unduly delayed in bringing this additional claim, the dates of the medical

documents belie any such claim.  Notably, the medical documents are dated July 8, 2021 (Doc. No. 135 at 8-14), November 16, 2020 (Doc No. 135 at 15-16), March 30, 2021 (Doc. No. 135 at 18-21, 23, 30, 37).  Plaintiff's FAC was filed on September 27, 2021, after the dated medical documents.  (*See* Doc. No. 7; *see also* Doc. No. 135 at 8-16, 18-21, 23, 30, 37).  Thus, the medical documents are not new evidence.  Here, Plaintiff either knew or should have known of a possible ADA claim when he filed the FAC.  Plaintiff offers no reason why he did not include potential ADA or Rehabilitation claims when he filed his FAC.

        Defendants additionally argue that Plaintiff's attempt to further amend his operative complaint is a bad faith attempt to undermine the Prison Litigation Reform Act's ("PLRA") requirements to exhaust administrative remedies.  (Doc. No. 137 at 8).  In light of the recent Ninth Circuit ruling in *Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022), the undersigned is not persuaded that the PLRA's exhaustion provision prohibits a plaintiff from filing an amended complaint under all circumstances.  *Id.* (recognizing that under certain circumstances a prisoner plaintiff may exhaust remedies during the pendency of an action and file an amended complaint curing an exhaustion deficiency).  Nonetheless, the Court need not fully address the merits of the exhaustion issue because as it finds the lodged second amended complaint fails to state a plausible ADA and Rehabilitation claim and recommends denial on the basis of futility.  Further, Defendants recently filed an exhaustion-based motion for summary judgement, to which Plaintiff has filed a response in  opposition. (Doc. Nos. 151, 153).  The exhaustion issue is properly addressed in the context of that motion.  (Doc. Nos.

        Finally, Plaintiff's request to amend the complaint to add $5,000.00 in mental and emotional damages is not sufficient grounds to amend the complaint.  The amount of compensatory and punitive damages alleged in a complaint is of a little importance and any change to those amounts does not offer anything of substance to the original allegations.  *Ioane v. Spjute*, 2015 WL 1983893 *5 (E.D. Cal. Apr. 30, 2015).  Further, "[a]n amendment to the amount of damages is…unwarranted." *Id*. (citation omitted).  At trial, Plaintiff is not limited to the amount of damages stated in his FAC because his recovery of damages are subject to proof at that time.  *Burns v. Cox*, 2020 U.S. Dist. LEXIS 90474, *2 (D. Nev. May 21, 2020).  As a result,

"amendment is not required simply to change the amount of damages sought when the categories of damages sought remain the same." *Id*. Furthermore, amending the relief sought does not offer anything of substance to Plaintiff's operative complaint.

Accordingly, it is **RECOMMENDED**:

The district court deny Plaintiff's motion for leave to file his lodged second amended complaint. (Doc. No. 134).

<u>NOTICE TO PARTIES</u>

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   November 8, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE